UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

UNITED STATES OF AMERICA        :

                                :

             - v. -               :

                                :

JIMOH ADEROMILEHIN,         :

                                :

             Defendant.       :

                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CONSENT PRELIMINARY ORDER
OF FORFEITURE/
<u>MONEY JUDGMENT</u>**

S2 20 Cr. 3 (KPF)

WHEREAS, on or about May 12, 2021, JIMOH ADEROMILEHIN (the "Defendant"), among others, was charged in a five-count Superseding Information, S2 20 Cr. 3 (KPF) (the "Information"), with conspiracy to commit bank fraud and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1) and (b) and 2 (Count Four); and conspiracy to commit arson, in violation of Title 18, United States Code, Section 844(n) (Count Five);

WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds the Defendant obtained, directly or indirectly, as a result of the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Two of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Two of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Information; and

WHEREAS, the Information included a forfeiture allegation as to Count Five, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any and all property constituting, or derived from proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment, and pursuant to Title 18, United States Code, Section 844(c), any and all explosive materials involved or used or intended to be used in the offense;

WHEREAS, on or about May 12, 2021, the Defendant pled guilty to Counts One through Five of the Information, and admitted the forfeiture allegation with respect to Counts One, Three, and Five, and agreed to forfeit to the United States, pursuant to, *inter alia*, Title 18, United

States Code, Section 982(a)(2)(A) and (a)(2)(B), a sum of money representing the proceeds traceable to the commission of the offenses alleged in Counts One, Three, and Five of the Information; and

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,029,754.66 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained directly or indirectly, for which the Defendant is jointly and severally liable with co-defendant Baldwin Osuji (the "Co-Defendant"), to the extent a forfeiture money judgment is entered against the Co-Defendant; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained directly or indirectly, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Thomas Burnett and Alexander Li, of counsel, and the Defendant, and his counsel, Neil Kelly, Esq., that:

1.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,029,754.66 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained directly or indirectly, shall be entered against the Defendant, for which the Defendant is jointly and severally liable with the Co-Defendant, to the extent a forfeiture money judgment is entered against the Co-Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, JIMOH ADEROMILEHIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payment on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8.      The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____              10/5/2022
        THOMAS BURNETT                       DATE
        ALEXANDER LI
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, NY 10007
        (212) 637-1064 / 2265


JIMOH ADEROMILEHIN


By: _____              10/5/2022
        JIMOH ADEROMILEHIN                   DATE

By: _____              10/5/2022
        NEIL KELLY, Esq.                     DATE
        Attorney for Defendant
        52 Duane Street, 10th Floor
        New York, New York 10007


SO ORDERED:

_____                   10/5/2022
HONORABLE KATHERINE POLK FAILLA             DATE
UNITED STATES DISTRICT JUDGE

5